**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------x

Isis Richardson,

                     Plaintiff,                                  **C.A. No.:**

          -against-                                      **DEMAND FOR JURY TRIAL**

Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
Navy Federal Credit Union,

                    Defendant(s).

-------------------------------------------------------------------------x

## <u>COMPLAINT</u>

Plaintiff Isis Richardson ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Equifax Information Services, LLC, ("Equifax"), Defendant Experian Information Solutions, Inc., ("Experian") and Defendant Navy Federal Credit Union, ("Navy Federal") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## <u>JURISDICTION AND VENUE</u>

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

**PARTIES**

4. Plaintiff is a resident of the State of New York in the County of Bronx.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of New York, and may be served with process upon the Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, New York 12207.

7. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of New York, and may be served with process upon the CT Corporation System, its registered agent for service of process at 28 Liberty Street, New York, New York 10005.

10. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers

for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant Navy Federal Credit Union, is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service c/o New York State Department of Financial Services, One State Street, New York, NY 10004, Attn: Superintendent.

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Navy Federal Dispute and Violation

14. On information and belief, on a date better known to Defendant Equifax and Experian ("Bureaus"), The Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to her Navy Federal account (Account # xxxxxxxxxxxx7598).

15. The inaccurate information furnished by Defendant Navy Federal and published by the Bureaus is inaccurate since the Account is being reported by the Bureaus with a balance of $10, 973 with a status indicating a balance past due and numerous "charge-off" notations, when in fact, the reports should not be reported with a past due balance, because Plaintiff settled and fully resolved the Account with Navy Federal.

16. On or around May 2, 2025, Plaintiff fully paid and resolved her Account with Navy Federal.

17. Plaintiff was therefore shocked to discover when reviewing her credit reports from the Bureaus that her Navy Federal Account was still being reported with a balance of $10,793 that was past due and numerous "charge-off" notations after May 2025.

18. This reporting was inaccurate as Plaintiff's debt with Navy Federal was fully paid and resolved as of May 2, 2025 and should not have a past due balance along with numerous "charge-off" notations.

19. Despite the debt being fully paid via settlement, the Account continued to be furnished and reported to consumer reporting agencies as an outstanding obligation that was due and owing, with a past due balance purportedly owed by Plaintiff.

20. Such reporting is inaccurate and at the very least and materially misleading as to the true legal status of the Account and conveyed false and misleading information concerning Plaintiff's creditworthiness.

21. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

22. On or around January 23, 2026, Plaintiff sent a detailed dispute letter to the Bureaus, disputing the reporting of the Account.

23. Included in the dispute was a copy of a letter received from Navy Federal confirming that the Account was fully paid off and settled.

24. It is believed and therefore averted that the Bureaus notified Navy Federal of the Plaintiff's dispute.

25. Upon receipt of the dispute of the account from the Plaintiff by the Bureaus, Navy Federal failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed accounts.

26. Had Navy Federal done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Navy Federal that the current account balances were improperly listed.

27. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed accounts, the Bureaus did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed account was inaccurate.

28. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

29. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the current account balances were improperly listed.

30. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

31. As a result of Defendants' failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**FIRST CAUSE OF ACTION**
**(Willful Violation of the FCRA as to The Bureaus)**

32. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

33. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

34. The Bureaus violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that The Bureaus maintained concerning the Plaintiff.

35. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

36. The Bureaus has willfully and recklessly failed to comply with the Act. The failure of The Bureaus to comply with the Act include but are not necessarily limited to the following:

    a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d)  The failure to promptly and adequately investigate information which Defendant The Bureaus had notice was inaccurate;

    e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)   The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised The Bureaus to delete;

h)   The failure to take adequate steps to verify information The Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

37. As a result of the conduct, action and inaction of The Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

38. The conduct, action and inaction of The Bureaus was willful rendering The Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

39. The Plaintiff is entitled to recover reasonable costs and attorney's fees from The Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Isis Richardson, an individual, demands judgment in her favor against, The Bureaus, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to The Bureaus)

40. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

41. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

42. The Bureaus violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that The Bureaus maintained concerning the Plaintiff.

43. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

44. The Bureaus has negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Bureaus had noticed was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

45. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

46. The conduct, action and inaction of The Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

47. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Isis Richardson, an individual, demands judgment in her favor against, the Bureaus, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to Navy Federal)**

48. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

49. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

50. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

51. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

52. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

53. The Defendant Navy Federal violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

54. Specifically, the Defendant Navy Federal continued to report these accounts on the Plaintiff's credit report after being notified of her dispute regarding the inaccurate current account balance.

55. As a result of the conduct, action and inaction of the Defendant Navy Federal, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

56. The conduct, action and inaction of Defendant Navy Federal was willful, rendering Defendant Navy Federal liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

57. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Navy Federal in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Isis Richardson, an individual, demands judgment in her favor against Defendant Navy Federal for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

### FOURTH CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Navy Federal)**

58. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

59. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

60. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

61. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

62. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a

furnisher such as the Defendant must be reported to other agencies which were supplied such information.

63. Defendant Navy Federal is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

64. After receiving the Dispute Notice from the Bureaus, Defendant Navy Federal negligently failed to conduct its reinvestigation in good faith.

65. A reasonable investigation would require a furnisher such as Defendant Navy Federal to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

66. The conduct, action and inaction of Defendant Navy Federal was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

67. As a result of the conduct, action and inaction of the Defendant Navy Federal, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

68. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Navy Federal in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Isis Richardson, an individual, demands judgment in her favor against Defendant Navy Federal, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## **DEMAND FOR TRIAL BY JURY**

69. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

c) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

d) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2);

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  April 30, 2026

Respectfully Submitted,

/s/Joshua Cohen
**Stein Saks, PLLC**
By:  Joshua Cohen
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
jcohen@steinsakslegal.com